Rachel Renno, State Bar # 272558
THE LAW OFFICE OF BOWMAN AND ASSOCIATES
*A Professional Corporation*
1837 Iron Point Road, Suite 160
Folsom, California 95630
T: 916.985.2600
F: 916.358.8689
E: rrenno@bowmanandassoc.com

Attorneys for Plaintiff
REX MINARD

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| REX MINARD, <br><br> Plaintiff, <br><br> v. <br><br> GREEN VAN LINES, INC., a Texas corporation, and DOES 1 through 50, inclusive, <br><br> Defendants. | CASE NO.: <br><br> **COMPLAINT FOR DAMAGES FOR:** <br><br> 1. **Breach Of Contract;** <br> 2. **Breach Of Implied Covenant Of Good Faith And Fair Dealing;** <br> 3. **Fraud And Deceit – Intentional Misrepresentation Of Fact;** <br> 4. **Fraud And Deceit – Concealment;** <br> 5. **Negligence;** <br> 6. **Negligent Hiring And Retention;** <br> 7. **Unfair Business Practices In Violation Of Business And Professions Code §17200 Et Seq.** <br><br> [Damages Exceed $25,000] <br><br> **JURY TRIAL DEMANDED** |

COMES NOW, Plaintiff REX MINARD ("Plaintiff") and alleges the following:

## JURISDICTION

1. Plaintiff was at all relevant times herein mentioned a resident of the County of Yuba, State of California.

2. Defendant GREEN VAN LINES, INC. ("GREEN") is and was at all times

herein mentioned a corporation organized and existing under the laws of the State of Texas. GREEN provides moving services to all the areas of United States of America and does business, among other places, in the County of Yuba, State of California.

3. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Does 1 through 50, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and Plaintiff's injuries.

4. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned each of the Defendants were the agent and the employee of the Co-Defendants, and in doing the things hereinafter alleged were acting within the course and scope of their authority as such agents, servants and employees, and with the permission and consent of their Co-Defendants.

5. The contract at issue was to be performed in the County of Yuba. The unlawful acts and practices complained of herein occurred in the County of Yuba, as did other acts complained herein.

## FACTUAL BACKGROUND

6. GREEN is a professional moving and storage company with its primary place of business at 4015 Beltline Road, Addison, TX 75001. GREEN provides, among other things, residential moving services locally and throughout the country.

7. On or before July 5, 2011, Plaintiff was preparing to move with his wife and granddaughter from Floresville, Texas to Plumas Lake, California. Plaintiff contacted GREEN to transport Plaintiff's personal items to their new residence.

8. On July 5, 2011, Rocky Thornton, a Relocation Consultant for GREEN, provided Plaintiff with a "binding estimate" for the moving services, including a "guaranteed rate" of $8,208.74 and Green's terms and conditions of service. This constituted an offer by GREEN, which Plaintiff accepted on July 7, 2011, thereby creating a contract between the parties.

9. Pursuant to the contract, Plaintiff promised to pay the quoted amount of $8,208.74. In exchange, GREEN promised to provide moving services, which included, but was not limited to, loading and unloading items, supplying and using protective padding and tape for non fragile items, basic disassembling and reassembling of furniture, up to 30 days of free storage, truck fee, fuel, mileage, tolls, taxes, and delivery in Plaintiff's new home, and valuation coverage of .60 cents per pound per article up to $10,000.

10. The terms of the contract also included affirmative representations by GREEN that it "provides a quality service unparalleled by any other moving company" and "hires and trains the best and most experienced movers in the industry" and that its "professional movers go through an extensive training process ... to minimize damage to your belongings." The contract also included a statement that the terms provided therein are "Green Van Lines policies and are not negotiable."

11. Plaintiff received price quotes from multiple moving service companies, but elected to use the services of GREEN not because GREEN was the cheapest option (it was not),

but because of GREEN's representations that it provided exceptional service and used its own extensively-trained movers.

12. On July 21, 2011, GREEN picked up the items to be moved from Plaintiff's old residence in Floresville, Texas. Although GREEN stated that its movers would arrive between 7:00 a.m. and 9:00 a.m., the movers did not arrive until after noon. The movers did not finish loading Plaintiff's items into the truck until after 11:00 p.m.

13. GREEN stated that the expected date and time of delivery to Plaintiff's new home in California was August 23, 2011, between 2:00 p.m. and 6:00 p.m. GREEN informed Plaintiff that this would not necessarily be the actual delivery date and assured Plaintiff that the driver would call "at least 24 hours prior to delivery."

14. On August 23, 2011, Plaintiff took the afternoon off from his new job—at which he had been employed for less than one month—in order to be at home when the truck arrived. At approximately 5:00 p.m. that day, Plaintiff called the truck driver and was informed that the driver was still at least four hours away from Sacramento (where he would need to stop before delivering the items to the house in Plumas Lake). The driver gave Plaintiff a new delivery window of the following day, August 24, 2011, between the hours of 7:00 a.m. and 10:30 a.m. The driver, of course, failed to provide the promised 24-hour notice prior to delivery and thereby caused Plaintiff to unnecessarily take time off from work.

15. Plaintiff notified his employer that he would need to take the morning of August 24, 2011 off but would be in that afternoon. That morning, at approximately 9:30 a.m., Plaintiff again called the truck driver and learned that he was still in Sacramento waiting for laborers to arrive and would again miss the delivery window. Plaintiff was then forced to take the remainder of that day off from work as well.

16. The truck arrived at approximately 11:00 a.m. with the driver and two movers. The truck did not have any GREEN company labeling or markings and neither the driver nor movers wore GREEN uniforms or showed any other indicator that they had been hired and trained by GREEN (apart from supplying GREEN's bill of lading). As soon as the rear door of the truck was opened, it became apparent that the items had not been properly loaded and secured, as several items had seemingly fallen over and shifted around during the move. Moreover, several items, including some boxes marked "fragile," were loaded underneath other items in a manner that was likely to (and in did in fact) cause damage to the items.

17. driver The and movers then began unloading the truck, using what seemed to be improper and unprofessional methods, such as rolling heavy boxes and other items end over end (including Plaintiff's 50-inch plasma screen television) and dragging items.

18. Unsurprisingly, Plaintiff discovered that there was significant damages to a great deal of their property and that some of their items were missing. Plaintiff made note of the missing items and many of the damaged items to the driver at the time of delivery. However, Plaintiff continued to discover damaged items as he and his family gradually unpacked the items and was not aware of the full extent of the damage until over two months later. Plaintiff also discovered that one box contained a mix of Plaintiff's items and other items that did not belong to Plaintiff nor his wife or granddaughter (meaning GREEN presumably opened Plaintiff's sealed box and stuffed someone else's items inside) and another box contained the garbage from GREEN's employees (the box was tagged, meaning Plaintiff apparently paid to have it hauled across the country).

19. On August 25, 2011, Plaintiff emailed Mr. Thornton, the Relocation Consultant for GREEN with whom Plaintiff had worked in creating the contract, and reported the

problems that Plaintiff had experienced with GREEN's service and the damage discovered so far.

20. On or before August 30, 2011, Plaintiff received multiple telephone calls from Asher Avi to discuss the damaged and lost items. Plaintiff is unaware of Mr. Avi's exact title or position, but is informed and believes and thereon alleges that Mr. Avi was acting as an agent for GREEN. Mr. Avi included the truck driver on one or more of these calls, and the truck driver essentially alleged that Plaintiff was a liar and was making false allegations.

21. Thereafter, Plaintiff continually corresponded with GREEN, through Mr. Thornton, Hayley Smith, an Executive Assistant of GREEN, and Guy Cohen, owner of GREEN, among others. Ultimately, GREEN rejected Plaintiff's claim in substantial part.

## FIRST CAUSE OF ACTION

### (Breach of Contract)

22. As a first, separate and distinct cause of action, Plaintiff complains against Defendants GREEN VAN LINES, INC. and DOES 1 through 50, and each of them and for cause of action alleges:

23. Plaintiff incorporates herein by reference Paragraphs 1 through 21 of this Complaint as though fully set forth herein.

24. Plaintiff entered into a contract with GREEN for GREEN to provide moving services to Plaintiff. The contract was partly written, partly oral, and partly implied by conduct. A true and correct copy of the written contract is attached hereto as Exhibit A and incorporated herein by reference.

25. Plaintiff has fulfilled its obligations and complied with any and all conditions and agreements of the contract that he is required to perform.

26. The contract expressly required that Defendants, among other things, reimburse Plaintiff for damage to Plaintiff's property at a rate of 60 cents per pound per article up to $10,000. The terms of the contract also included, expressly or impliedly, that GREEN would only use movers that it hired and extensively trained.

27. The above-described terms of the contract were included by GREEN and GREEN maintained that they were "not negotiable."

28. GREEN breached the contract by failing and refusing to make payment to Plaintiff of 60 cents per pound for all of the items damaged by GREEN. GREEN further breached the contract by using or allowing to be used movers that had not been hired and/or trained by GREEN. GREEN's conduct constituted an unjustified and unexcused failure to perform its obligations under the contract.

29. As a proximate result of Defendant's breach, Plaintiff has been harmed in that he has suffered and will continue to suffer foreseeable damage to property and monetary damages, including lost wages and other out-of-pocket expenses, in excess of the minimum jurisdiction of this Court. As a further proximate result of Defendant's conduct, Defendant was unjustly enriched and will continue to be unjustly enriched by obtaining payment from Plaintiff to which they are not entitled.

30. Plaintiff has incurred and continues to incur legal expenses and attorney fees. Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of court to amend this Complaint when the amounts are more fully known.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

//

//

## SECOND CAUSE OF ACTION

### (Breach Of Implied Covenant Of Good Faith And Fair Dealing)

31. As a second, separate and distinct cause of action, Plaintiff complains against Defendants GREEN VAN LINES, INC. and DOES 1 through 50, and each of them, and for cause of action alleges:

32. Plaintiffs incorporate herein by reference Paragraphs 1 through 30 of this Complaint as though fully set forth herein.

33. The contractual relationship between Plaintiff and GREEN created the implied covenant of good faith and fair dealing under the laws of the State of California which required, *inter alia*, the following:

   a. That each party in the relationship act with good faith toward the other concerning all matters relating to the contract;

   b. That each party in the relationship act with fairness towards the other concerning all matters relating to the contract;

   c. That either party takes no action to unfairly prevent the other from obtaining the benefits of the contractual relationship; and

   d. That each party in the relationship give the others' interests as much consideration as it gives its own interests.

34. Plaintiff is informed and believes and thereon alleges that GREEN breached all of the implied covenants herein specified. GREEN required that Plaintiff accept and submit to all of its terms, insisting that they were not negotiable, and then failed and refused to comply with those terms as they applied to it. Specifically, GREEN refused to use its own method of valuation for damaged property. GREEN also attempted to deny that Plaintiff's property had

been damaged, implying that Plaintiff was a liar.

35. As a proximate result of Defendant's breach, Plaintiff has been harmed in that he has suffered and will continue to suffer foreseeable damage to property and monetary damages, including lost wages and other out-of-pocket expenses, in excess of the minimum jurisdiction of this Court. As a further proximate result of Defendant's conduct, Defendant was unjustly enriched and will continue to be unjustly enriched by obtaining payment from Plaintiff to which they are not entitled.

36. Plaintiff has incurred and continues to incur legal expenses and attorney fees. Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of court to amend this Complaint when the amounts are more fully known.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

## THIRD CAUSE OF ACTION

### (Fraud And Deceit – Intentional Misrepresentation Of Fact)

37. As a third, separate and distinct cause of action, Plaintiff complains against Defendants GREEN VAN LINES, INC. and DOES 1 through 50, and each of them and for cause of action alleges:

38. Plaintiff incorporates herein by reference Paragraphs 1 through 36 of this Complaint as though fully set forth herein.

39. GREEN made representations to Plaintiff that it would provide a level of service unparalleled by any other moving company and only use movers that it hired and extensively trained.

40. When GREEN made the aforementioned representations, it knew them to be false or, alternatively, made the representations recklessly and without regard for its truth.

LAW OFFICE OF BOWMAN & ASSOCIATES, APC  
1837 Iron Point Road, Suite 160  
Folsom, CA 95630

GREEN had no intention of ensuring the use of extensively-trained movers or taking any other action to ensure a high level of service.

41. GREEN made these representations with the intent to induce Plaintiff to act in reliance thereon in the manner hereinafter alleged, or with the expectation that Plaintiff would so act.

42. At the time the representation was made by GREEN, and at the time Plaintiff took the actions herein alleged, Plaintiff was ignorant of the falsity of GREEN's representations and believed them to be true. Plaintiff did not discover the falsity of the representation until on or about August 24, 2011, within three years of the commencement of this action.

43. Plaintiff reasonably relied on GREEN's representations in agreeing to use the moving services of GREEN and in paying the agreed upon contract price to GREEN. GREEN's estimated price was higher than that of other moving companies. Plaintiff agreed to pay more because GREEN promised a higher level of service. Had Plaintiff known the actual facts, Plaintiff would not have taken such action. Plaintiff's reliance was justifiable because Plaintiff had no reason to know that GREEN would make such misrepresentations.

44. As a proximate result of Defendant's misrepresentations, Plaintiff has been in harmed in that he has suffered and will continue to suffer foreseeable damage to property and monetary damages, including lost wages and other out-of-pocket expenses, in excess of the minimum jurisdiction of this Court. As a further proximate result of Defendant's conduct, Defendant was unjustly enriched and will continue to be unjustly enriched by obtaining payment from Plaintiff to which they are not entitled.

45. The above described actions were done with malice, fraud, oppression and in reckless disregard of Plaintiff's rights. Further, said actions were despicable in character and

warrant the imposition of punitive damages in a sum sufficient to punish and deter Defendant's future conduct.

46. Plaintiff has incurred and continues to incur legal expenses and attorney fees. Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of court to amend this Complaint when the amounts are more fully known.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

## FOURTH CAUSE OF ACTION

### (Fraud And Deceit – Concealment)

47. As a fourth, separate and distinct cause of action, Plaintiff complains against Defendants GREEN VAN LINES, INC. and DOES 1 through 50, and each of them and for cause of action alleges:

48. Plaintiff incorporates herein by reference Paragraphs 1 through 46 of this Complaint as though fully set forth herein.

49. GREEN disclosed some facts to Plaintiff but intentionally failed to disclose other important facts, making the disclosure deceptive. Specifically, GREEN represented that it "hires and trains the best and most experienced movers in the industry" and that its "professional movers go through an extensive training process ... to minimize damage to your belongings." GREEN, however, intentionally failed to disclose that such movers are not used for all moving jobs and would not be used in performing the contract between GREEN and Plaintiff at issue in this case.

50. GREEN made these concealments of fact with the intent to induce Plaintiff to act in reliance thereon in the manner hereinafter alleged, or with the expectation that Plaintiff would so act.

LAW OFFICE OF BOWMAN & ASSOCIATES, APC
1837 Iron Point Road, Suite 160
Folsom, CA 95630

51. Plaintiff was ignorant of Defendants' concealments and did not discover the true facts thereof until on or about August 24, 2011, within three years of the commencement of this action.

52. Plaintiff reasonably relied on GREEN's deception in agreeing to use the moving services of GREEN and in paying the agreed upon contract price to GREEN. GREEN's estimated price was higher than that of other moving companies. Plaintiff agreed to pay more because GREEN promised a higher level of service. Had Plaintiff known the actual facts, Plaintiff would not have taken such action. Plaintiff's reliance was justifiable because Plaintiff had no reason to know that Defendants would make such concealments and misrepresentations.

53. As a proximate result of Defendant's concealment, Plaintiff has been harmed in that he has suffered and will continue to suffer foreseeable damage to property and monetary damages, including lost wages and other out-of-pocket expenses, in excess of the minimum jurisdiction of this Court. As a further proximate result of Defendant's conduct, Defendant was unjustly enriched and will continue to be unjustly enriched by obtaining payment from Plaintiff to which they are not entitled.

54. The above described actions were done with malice, fraud, oppression and in reckless disregard of Plaintiff's rights. Further, said actions were despicable in character and warrant the imposition of punitive damages in a sum sufficient to punish and deter Defendant's future conduct.

55. Plaintiff has incurred and continues to incur legal expenses and attorney fees. Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of court to amend this Complaint when the amounts are more fully known.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

## FIFTH CAUSE OF ACTION

### (Negligence)

56. As a fifth, separate and distinct cause of action, Plaintiff complains against Defendants GREEN VAN LINES, INC. and DOES 1 through 50, and each of them and for cause of action alleges:

57. Plaintiff incorporates herein by reference Paragraphs 1 through 55 of this Complaint as though fully set forth herein.

58. As a result of the relationship between the parties and GREEN's voluntarily assuming and exercising control over Plaintiff's property, GREEN owed a duty to Plaintiff to use reasonable care to prevent harm to Plaintiff and Plaintiff's property.

59. Based on the conduct of GREEN's employees and agents, as articulated above, GREEN breached its duty by acting negligently and carelessly in loading and unloading, storing, securing, transporting, moving, and otherwise exercising control over Plaintiff's property.

60. As a proximate result of Defendant's breach, Plaintiff has been harmed in that he has suffered and will continue to suffer foreseeable damage to property and monetary damages, including lost wages and other out-of-pocket expenses, in excess of the minimum jurisdiction of this Court.

61. Plaintiff has incurred and continues to incur legal expenses and attorney fees. Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of court to amend this Complaint when the amounts are more fully known.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

//

## SIXTH CAUSE OF ACTION

### (Negligent Hiring And Retention)

62. As a sixth, separate and distinct cause of action, Plaintiff complains against Defendants GREEN VAN LINES, INC. and DOES 1 through 50, and each of them and for cause of action alleges:

63. Plaintiff incorporates herein by reference Paragraphs 1 through 61 of this Complaint as though fully set forth herein.

64. At all times mentioned, GREEN owed Plaintiff a duty to exercise reasonable care in hiring, training, supervising, and retaining its employees to prevent harm to the person and property of others, such as that experienced by Plaintiff.

65. GREEN breached its duty to exercise reasonable care and acted negligently and carelessly by hiring and retaining its employees, including the truck driver and the movers, when GREEN knew, or should have known, that they were incompetent and unfit for their jobs as they were likely to harm the person or property of others in view of the work entrusted to them.

66. GREEN also breached its duty to exercise reasonable care and acted negligently and carelessly in training its employees, including the truck driver and the movers, by failing to give them adequate training pertain to, among other things, proper ways to load and unload, store, secure, transport, move, and otherwise exercise control over the property being moved.

67. Further, GREEN breached its duty to exercise reasonable care and acted negligently and carelessly in supervising its employees by failing to take reasonable steps to protect Plaintiff from harm to his person and property. Plaintiff continually communicated with employees and agents of GREEN regarding the move, including the problems there with, yet

GREEN failed to adequately investigate the allegations or take any corrective action to remedy the situation.

68. As a proximate result of Defendant's breach, Plaintiff has been harmed in that he has suffered and will continue to suffer foreseeable damage to property and monetary damages, including lost wages and other out-of-pocket expenses, in excess of the minimum jurisdiction of this Court.

69. Plaintiff has incurred and continues to incur legal expenses and attorney fees. Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of court to amend this Complaint when the amounts are more fully known.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

### SEVENTH CAUSE OF ACTION

**(Unfair Business Practices In Violation Of Business And Professions Code §17200 Et Seq.)**

70. As a seventh, separate and distinct cause of action, Plaintiff complains against Defendants GREEN VAN LINES, INC. and DOES 1 through 50, and each of them and for cause of action alleges:

71. Plaintiff incorporates herein by reference Paragraphs 1 through 69 of this Complaint as though fully set forth herein.

72. At all times mentioned in this Complaint, California Business and Professions Code sections 17200 *et seq.* were in full force and effect and binding on Defendants. These sections required Defendants, *inter alia*, to refrain from engaging in any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising.

73. Since the inception of their relationship with Plaintiff, GREEN has engaged in unfair competition as defined by California Business and Professions Code §17200, *et seq.*, in

that Defendants have used unlawful, unfair or fraudulent business acts and practices and unfair, deceptive, untrue and misleading advertising. Specifically, GREEN advertised and represented that it "provides a quality service unparalleled by any other moving company" and "hires and trains the best and most experienced movers in the industry" and that its "professional movers go through an extensive training process ... to minimize damage to your belongings."

74. GREEN's conduct was undertaken in furtherance of its business activities and/or practice.

75. The harm to Plaintiff and to members of the general public outweighs the utility of GREEN's business practices.

76. As a proximate result of Defendant's breach, Plaintiff has been harmed in that he has suffered and will continue to suffer foreseeable damage to property and monetary damages, including lost wages and other out-of-pocket expenses, in excess of the minimum jurisdiction of this Court.

77. The above described actions were done with malice, fraud, oppression and in reckless disregard of Plaintiff's rights. Further, said actions were despicable in character and warrant the imposition of punitive damages in a sum sufficient to punish and deter Defendants' future conduct.

78. Plaintiff has incurred and continues to incur legal expenses and attorney fees. Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of court to amend this Complaint when the amounts are more fully known.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment as follows:

1. For general and special damages according to proof at time of trial;

2. For damages in the amount necessary to prevent the unjust enrichment of Defendants;

3. For incidental and consequential damages according to proof at time of trial;

4. For prejudgment interest at the highest possible rate from the earliest possible date;

5. For exemplary and punitive damages in an amount subject to the discretion of this Court, but not less than an amount which will punish Defendant for its actions and omissions to act;

6. For reasonable attorneys' fees and the costs of this action; and

7. For such other and further relief as the Court may deem just and proper.

### JURY TRIAL DEMANDED

Plaintiff demands trial of all issues by jury.

Respectfully Submitted,

THE LAW OFFICE OF BOWMAN AND ASSOCIATES
*A Professional Corporation*

Date: 8/14/13

_____
Rachel Renno (SBN: 272558)
Attorney for Plaintiff,
REX MINARD