IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REX MINARD | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:14-CV-0750-B |
| | § | |
| GREEN VAN LINES, et al. | § | |
| | § | |
| Defendant | § | |

## DEFENDANT'S 12(B)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Defendant Green Van Lines, Inc. ("Defendant"), by and through its undersigned counsel, moves this Court for an order dismissing Plaintiff's Complaint, with prejudice, as the Complaint fails to state a claim upon which relief can be granted.

This Motion is based on Federal Rule of Civil Procedure 12(b)(6), and the accompanying Memorandum of Points and Authorities and all pleadings and papers filed herein.

### MEMORANDUM OF POINTS AND AUTHORITIES

### I.
### PROCEDURAL HISTORY AND FACTS

1. On July 21, 2011, Plaintiff Rex Minard entered into a contract with Green Van Lines, Inc. to transport his household goods interstate from Floresville, Texas, to Plumas Lake, California. Transportation of household goods is regulated by federal statute. *See* 49 U.S.C. Subtitle IV—Interstate Transportation. Therefore, the scope of transportation is governed by an express written agreement between the parties and by federal statutory law.

2. A Uniform Household Good Bill of Lading and Freight Bill and Order for Service was provided to and executed by Plaintiff Rex Minard. The contract includes a reciprocal

forum selection clause which states jurisdiction, venue, and controlling law shall be Dallas County, Texas. Despite the provisions of this clause, on August 16, 2013, Plaintiff filed a complaint against Defendant in the Superior Court of the State of California in and for the County of Yuba. The case was then removed to the United States District Court for the Eastern District of California. The Complaint alleges seven state law statutory and common law claims.

3. In response, Defendant moved that court to transfer the venue to the Northern District of Texas, as well as to dismiss Plaintiff's Complaint for failure to state a claim under Rule 12(b)(6). Defendant re-urges its 12(b)(6) motion before this Court.

## II.
### PLAINTIFF CANNOT SET FORTH A STATE COMMON LAW OR STATUTORY CLAIM UPON WHICH RELIEF CAN BE GRANTED BECAUSE THOSE CLAIMS ARE PREEMPTED BY THE CARMACK AMENDMENT.

4. Rule 12(b)(6) provides the Court with authority to dismiss a complaint if the complaint fails to state a claim upon which relief can be granted. Traditionally, a motion to dismiss under 12(b)(6) can be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957). The Supreme Court recently clarified the longstanding *Conley* standard, adopting a more stringent "plausibility" standard for pleading claims in federal court. *See Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 570 (2007) (". . . we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face."); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss."). Not only does Plaintiff's Complaint not state a *plausible* claim for relief, it is

not even sufficient under the more lenient *Conley* standard, as no set of facts can support any of Plaintiff's claims for relief.

5. Plaintiff's seven causes of action should be dismissed because it is clear on their face that the claims are common law and statutory law claims completely preempted by the Carmack Amendment. *See* 40 U.S.C. §§ 14706, *et seq.*

6. In 1906, Congress enacted the Carmack Amendment to the Interstate Commerce Act, Title 49 of the United States Code, sections 11706 and 14706 (the former applicable to railway and the latter to motor vehicles, "to create a national scheme of carrier liability for goods damaged or lost during interstate shipment under a valid bill of lading." *Shao v. Link Cargo (Taiwan) Ltd.*, 986 F.2d 700, 704 (4th Cir. 1993) (*citing Adams Express Co. v. Croninger*, 226 U.S. 491, 503 (1913)). It provides that an interstate carrier is liable for the shipper's actual loss where goods delivered to the carrier by the shipper are damaged in transit. 49 U.S.C. § 14706; *Croninger*, 226 U.S. at 504. The Carmack Amendment preempts state and common law remedies against interstate carriers. *Croninger*, 226 U.S. at 505–06. Even when the shipper and carrier have contracted for specific rates and conditions, the Carmack Amendment preempts claims for breach of contract and negligence for goods damaged or lost by carriers. *See id.*; *New Process Steel Corp. v. Union Pac. R.R. Co.*, 91 F. App'x 895, 898 (5th Cir. 2003).

7. Courts have uniformly held that the Carmack Amendment preempts all state and common law claims and provides the sole and exclusive remedy to shippers for loss or damage resulting from interstate transit. *See, e.g., Hoskins v. Bekins Van Lines*, 343 F.3d 769, 778 (5th Cir. 2003). Put simply, and as this very Court stated recently, "[u]nder the Carmack Amendment, state law claims against carriers are barred." *Chatelaine, Inc. v. Twin*

*Modal, Inc.*, 737 F.Supp.2d 638, 641 (N.D. Tex. 2010); *see also Hall v. N. Am. Van Lines, Inc.*, 476 F.3d 683, 689 (9th Cir. 2007) ("It is well settled that the Carmack Amendment constitutes a complete defense to common law claims alleging all manner of harms.").

8. Here, Plaintiff has alleged the following seven state law claims alleging various manners of harm: (1) breach of contract; (2) breach of implied covenant of good faith and fair dealing; (3) fraud and deceit—intentional misrepresentation of fact; (4) fraud and deceit—concealment; (5) negligence; (6) negligent hiring and retention; (7) unfair business practices (California Business and Professions Code Sections 17200, et seq.). Each of these seven causes of action is based upon state common law or statutory theories of liability. However, the Carmack Amendment preempts all state and common law claims by providing the sole and exclusive remedy for shippers for loss or damage resulting from interstate transit. *See Croninger*, 226 U.S. at 505–06 (holding that all state and common law causes of action relating to services under the Carmack Amendment are preempted by the liability provisions within the Carmack Amendment.

9. The Bill of Lading Order for Service releases the entire shipment for value not exceeding "60 cents per pound per article." Further, both the Order for Service (Exhibit 2 to Declaration of Guy Cohen In Support of Defendant's Motion to Dismiss (Doc. 7-1) and Bill of Lading (Exhibit 1 to Declaration of Guy Cohen In Support of Defendant's Motion to Dismiss (Doc.7-1) carry Plaintiff's handwritten signatures and Plaintiff's written confirmation of this coverage beside the Plaintiff's valuation option.

10. Plaintiff's complaint alleges that some of his items were damaged and/or lost and never delivered to Plaintiff. Plaintiff's claims are governed by the Carmack Amendment due to

the interstate nature of the shipment, which bars Plaintiff's various statutory law claims. Plaintiff has attempted to manipulate Defendant's purported negligence into claims for fraud, which are unsupported by facts. The Carmack Amendment bars plaintiff's theories, and plaintiff's damages are limited to the actual losses sustained to his property. The other statutory and common law claims cannot prevail.

11. Therefore, Plaintiff cannot state a claim upon which relief can be granted because, beyond a doubt, his state common law and statutory law claims, the only claims asserted by Plaintiff, are completely preempted by the Carmack Amendment.

### III.
### CONCLUSION

12. For the foregoing reasons, Defendant GREEN VAN LINES, INC. respectfully requests that its Motion to Dismiss for Failure to State a Claim be granted and the case be dismissed in its entirety.

> Respectfully submitted,
>
> **JANE E. DILLINGER, P. C.**
>
> */S/ JANE E. DILLINGER*
>
> _____
> **Jane E. Dillinger**
> State Bar No. 05872600
> 5160 Village Creek Drive, Suite 100
> Plano, Texas 75093
> (214) 871-6005 - Telephone
> (214) 871-6050 – Fax
> jane@dillingerlaw.com
>
> **ATTORNEYS FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

      On June 2, 2015, I electronically submitted the foregoing document for filing with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court. I hereby certify that I have served all counsel of record and/or pro se parties of record electronically or by another manner authorized by the Federal Rule of Civil Procedure 5(b) as follows:

Mr. Rex Minard
Pro Se Plaintiff
3061 Mower Court Unit C
Fort Mead, Maryland  20755
Telephone: (210) 562-0069
rex.minard@gmail.com

                                             */S/ JANE E. DILLINGER*
                                             _____
                                             Jane E. Dillinger